SOUTHERN PRODUCE COMPANY v. TEXARKANA GAS &

ELECTRIC COMPANY.

Opinion delivered February 17, 1913.

1. STREET RAILWAYS—OBSTRUCTING STREETS—NEGLIGENCE.—When a street railway company tears up a street and street crossings under authority from the city council, by making excavations and piling up dirt in the work of laying a double track, acting with the most skillful and approved methods, it is not guilty of any negligence, nor is it liable to plaintiff for damages, when plaintiff's store caught fire and burned, and the automobiles of the fire department were unable to get to the fire because of the street's being torn up. (Page 63.)

2. STREET RAILWAYS—STREET CROSSINGS.—When a street car company is repairing its track, it is not required to anticipate and provide against unusual and extraordinary emergencies, and it is sufficient to provide crossings that are sufficient for the usual and ordinary travel.   (Page 63.)

3. STREET RAILWAYS—LIABILITY FOR OBSTRUCTING CROSSINGS—PROXIMATE CAUSE.—The obstructing a street crossing by a work train of a street railway company engaged in repairing its tracks, and preventing or delaying the arrival of the chemical engine in front of plaintiff's burning building, is not the proximate cause of plaintiff's damage where it appears that the employee of the fire department, who alone could handle the chemical tank, was off duty that night and not present at the fire.   (Page 64.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; affirmed.

STATEMENT OF FACTS.

This is a suit by the appellant against the appellee to recover damages which appellant alleged it had sustained by a fire which destroyed its produce and goods of the value of $6,000; that the fire department could and would have extinguished the fire but for the negligence of the appellee in blockading the streets in front of ap-

pellant's place of business so that the vehicles of the fire department were prevented from getting to appellant's house in time to extinguish the flames; that the appellee "was engaged at the time in double-tracking its street railway along Broad street and up Hazel street, in Texarkana, and that it negligently and carelessly tore up the street crossings on Broad street and at Third on Hazel; piled the dirt from the excavation along the streets and rendered them impassable and left no temporary crossings or way for vehicles to get to the south side of Broad street where plaintiff's business house was located."

The appellee (defendant) answered, denying specifically the material allegations of appellant's (plaintiff's) complaint, and alleging that the work that it was doing was by virtue of the authority of the city council of Texarkana; that the work was done in a proper and skillful manner, and that whatever delay there was in reaching the fire was not because of any obstructions produced by the appellee, but because of lack of prudence on the part of the firemen themselves in reaching the place where the fire occurred, and that the alleged negligence complained of in plaintiff's complaint was not the proximate cause of the injury.

At the conclusion of the testimony the court instructed the jury to return a verdict in favor of the appellee. Appellant duly prosecutes this appeal.

*H. S. Powell* and *Simms & Cella,* for appellant.

1. If there was any evidence tending to establish the allegations of the complaint, there was a question for the jury.

2. If the defendant was guilty of negligence as alleged, it was the proximate cause of appellant's damage. 75 Ark. 133; 20 L. R. A. (N. S.), 1110; 12 *Id.* (N. S.), 382; 39 *Id.* (N. S.), 20; *Id.* (N. S.), 237; 49 N. E. 648; 12 Am. Rep. 689.

*William H. Arnold,* for appellee.

1. Negligence is not shown. The work was being done under authority granted by the city, was in itself

lawful and could be done without necessarily causing injury. Proper provision was made for crossings and for passage along the streets. There is no liability. 196 U. S. 152; 87 S. W. 995; 89 S. W. 75; 38 Mich. 62; 37 Atl. 39; 82 Ark. 86.

2. The alleged delay of one vehicle of the fire department caused by obstructing the street, can not, if true, be construed as the proximate cause of appellant's loss. 99 S. W. (Ky.), 315; 18 Am. & Eng. Ann. Cases, 1066; 139 U. S. 223; 90 Texas, 223; 124 Fed. 113; 95 U. S. 117-130; 12 U. S. App. 383, 386, 55 Fed. 949; 94 U. S. 469, 475; 88 Hun, 10, 34 N. Y. Supp. 279; 41 O. St. 118, 52 Am. Rep. 74; 66 Ark. 68; 17 N. E. 200; 69 Ark. 402; 101 Fed. 915.

WOOD, J., (after stating the facts). If appellee was liable it was because that in reconstructing and repairing its railroad track in the city of Texarkana it, as alleged in the complaint, "negligently and carelessly tore up the street crossings on Broad street and at Third on Hazel street, and piled the dirt from the excavations along the streets and rendered them impassable and left no temporary crossings or way for vehicles to get to the south side of Broad street where plaintiff's business house was located."

The testimony is exceedingly voluminous, and we shall not undertake to set it forth in detail. Suffice it to say, on behalf of the appellee the testimony showed that it was reconstructing and repairing its railway and laying its tracks through the street in the most approved and skillful manner of modern construction and under the supervision of skillful engineers. The appellee, under its franchise from the city, was authorized "to make all necessary excavations in order to construct the tracks and to do and perform all things necessary or desirable in the establishment and operation of its railroad," provided "that the streets should not be used so as to unnecessarily delay traffic." It had "the right to maintain a single or double track of electric railway and car system throughout the city of Texarkana, Arkansas."

It was shown by the uncontradicted evidence that the work that appellee was undertaking to do in laying its double track could not be done in the most expeditious and approved way by simply laying one block at a time, but it would be necessary to include several blocks at a time in the work that was being done.  The work of excavating necessarily involved taking out dirt and piling material on each side of the track, but this was done in such manner as to leave space from 21½ to 25 feet wide for vehicles to pass on each side of the track.  Temporary crossings at the intersection of other streets with Broad street were put in.  They were made of crossties, which were placed level with the rails, and were sixteen feet wide.  Appellant contended that these crossings were too narrow for the large automobile called the "Robinson Machine," and other automobile cars bearing engines, hose, chemicals and other necessary equipment for the extinguishment of fire, to cross from the north side of the track where they were situated to the south side where appellant's store was located.

There was no temporary crossing at the intersection of Hazel street and Broad street, nearly opposite the appellant's place of business where the fire occurred; but this was because the work was constantly going on at that place and it was impossible to maintain the crossing while the men were engaged in the necessary work of laying the track.  Material necessary for the special work on the track at the intersection of Broad and Hazel streets was placed there on the evening of the fire to be used in constructing the track.  The men were at work there that night when the fire occurred.  Excavating was going on and the work train was being used along Hazel street from Broad street.  Crossings of the kind indicated were at all the street crossings on Broad street, except as above indicated, where Hazel opened into Broad.

Appellant contends that but for the excavation and embankment thrown up by the defendant and the narrow crossing of the streets on the night of the fire the "big

Robinson machine'' would have arrived at the building in ample time to have been able to have extinguished the fire and thus to have prevented the injury to appellant of which it complains.   There is testimony of one witness to this effect; but giving this testimony its strongest probative force, still it is not sufficient to show that appellee was negligent in the manner in which it was doing the work in hand.   The Robinson machine was shown to have had a wheel base of 152 inches from hub to hub.   This machine could have crossed a 16-foot crossing and had a space of something over three feet to spare.

On the night in question the evidence shows that one other large automobile, bearing the chemical tank, hose, etc., did pass over the crossing at Walnut street, at which the driver of the Robinson machine might have crossed on the night of the fire.   This machine was 144 inches at the base, lacking only a few inches of being the width of the Robinson machine.   So it indisputably appears from the physical facts that the Robinson machine could have passed over the crossing.   There was no negligence therefore upon the part of the appellee in not making its temporary crossings wider than sixteen feet.   That was sufficient width for the passage of an ordinary vehicle, and even of these automobiles of extraordinary size that were in use by the fire department of Texarkana.

Appellee, in the work of repairing its track, was not required to anticipate and provide against unusual and extraordinary emergencies.   It was sufficient for it to provide crossings that were sufficient for the usual and ordinary travel.   But even in this case it is undisputed that the crossings were sufficient not only to accommodate all vehicles of the usual size, but even these automobile fire engines of extraordinary dimensions.

So, we are of the opinion that the uncontroverted evidence shows that there was no negligence on the part of appellee either in failing to provide necessary crossings or in the matter of embankments and excavations. Appellee, according to the undisputed evidence, was doing a work that was necessary to be done and doing it

according to the most approved methods, and was not negligent even if what it did, or failed to do, was the proximate cause of the loss to appellant.

It was contended on the part of the appellant that a hook and ladder wagon, which also carried on it a chemical machine, hose, etc., and drawn by horses, was delayed in reaching the fire by reason of a work train that was on the crossing between Hazel and Third streets at the time the alarm of fire was given and at the time the hook and ladder vehicle reached this crossing. But there was no attempt on the part of the driver of the hook and ladder wagon to have the employees of appellee move this work train, five cars in length, away from over the crossing. The driver, instead of doing this, hurried on towards the fire and drove into the excavation in front of the building, but he pulled out and was not delayed in getting to the fire.

The uncontradicted evidence showed that it required two men to use the chemical tank, one to pump it, and the other to handle the hose. The regular driver of the hook and ladder wagon was not on duty that night and the driver who drove the wagon to the scene of the fire was not familiar with the work of using the chemical tank. It conclusively appears that even if the driver had taken this hook and ladder wagon in front of the building at the time the fire started he could not have used it, and so his failure to get it there earlier could not have been the proximate cause of the loss to appellant. The chemical tank on this hook and ladder wagon could not have been brought into commission even if the wagon had not been obstructed by the work train and if it had not gone into the excavation in the street in front of the burning building.

In our opinion, the testimony wholly fails to prove the allegations of the complaint.

The judgment is affirmed.